# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

MICHAEL J. DAVIDSON,

     Plaintiff,

v.

CALIBER HOME LOANS, INC.,

     Defendant.

Civil Action No.: 18-cv-00090 (PGS)(LHG)

MEMORANDUM AND ORDER

SHERIDAN, U.S.D.J.

This matter is before the Court on Defendant, Caliber Home Loans, Inc.'s ("Defendant" or "Caliber") motion to dismiss for failure to state a claim, and standing to sue (ECF No. 8). The Court has subject matter jurisdiction as Plaintiff allege breach of the Real Estate Settlement Procedures Act (RESPA) and the Fair Debt Collection Practices Act (FDCPA).

On or about March 14, 2007, Plaintiff Michael J. Davidson ("Plaintiff" or "Davidson") closed on a residence in Point Pleasant Beach, New Jersey with Bank of America (BA) by way of a note and mortgage. (Compl., ECF No. 1, at ¶ 1, 19). Plaintiff financed the purchase of the residence by receiving a loan, as evidenced by a note and mortgage (collectively referred to hereinafter as the "loan documents"). (*Id.* at ¶¶ 1-3, *see* Ex. 3). On or about November 8, 2012, the loan documents were assigned to Nationstar Mortgage, LLC ("Nationstar"); and on August 18, 2016, the loan documents were assigned to U.S. Bank Trust, N.A. Prior to the assignment to U.S. Bank, on June 29, 2016, Caliber became servicer of the loan. (*Id.* at ¶5).

In November 2010, Plaintiff encountered adverse financial issues, and stopped making his monthly payment. (*Id.* at ¶ 20). As a result, Plaintiff defaulted on the loan. (*Id.*) On April 16,

2013, Nationstar filed a foreclosure complaint against Davidson in the Superior Court of New Jersey, (the "Foreclosure Matter"). (*Id.* at ¶ 21).

On March 1, 2017, U.S. Bank was substituted as Plaintiff in the Foreclosure Matter, and on August 10, 2017, U.S. Bank obtained an uncontested order for final judgment against Davidson in the amount of $588,770.00, and was given right to foreclose. (*Id.* at ¶ 23; *see also U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Michael Davidson*, No. 12771-13, N.J. Super. Ct. Ch. Div, Aug. 10, 2017). During the summer and fall of 2017, Plaintiff alleges that he and Caliber had negotiations regarding a short pay off of the loan. (*Id.* at ¶ 24). At some point, Plaintiff requested that Caliber reconsider a previous settlement offer of $260,000. (*Id.* at ¶ 25).

On September 26, 2017, more than a month after final judgment was entered, Caliber responded to Davidson's request through letter, and in a section of that letter titled "**Settlement Offer**" informed Davidson that the valuation of the home was $280,000, and "[t]herefore, the offer of $280,000 remains firm," ("Settlement Offer"). (*Id.* at ¶ 25, Ex. 3) (emphasis in original). On September 30, 2017, Davidson answered that letter via e-mail,[1] stating "I have decided to ACCEPT the 280k. I have all the funding in place in MY ACCOUNT and I'm ready to go. Please email the contracts or whatever and we'll move forward." (ECF No. 1-7). On September 30, 2017, Plaintiff sent Defendant an e-mail correspondence confirming acceptance of the Settlement Offer. (*Id.* at ¶ 26). On October 5, 2017, Plaintiff sent a written confirmation of the offer, which consisted of the previous e-mail and his signature. (*Id.* at ¶ 28). Shortly after, Defendant allegedly rejected the Settlement Offer, and demanded full payment of the balance due on the loan, which was in excess of $600,000.00. (*Id.* at ¶ 29).

---

[1] The e-mail is signed and dated October 5, 2017, however the date stamp states September 30, 2017.

On November 17, 2017, Davidson sent to Caliber a Notice of Error pursuant to a regulation (12 C.F.R. §§ 1024.35(b)(11)) for "making an offer for a short payoff, receiving formal acceptance from [Davidson], and then cancelling the agreement" (the "NOE"). (*Id.* at ¶ 30, Ex. 4). On that same date, Davidson sent a Request for Information ("RFI") pursuant to 12 C.F.R. § 1024.36 to Caliber with a Qualified Written Request pursuant to 12 U.S.C. § 2605(e)(1)(B) requesting detailed information related to Defendant's servicing of the Loan. (*Id.* at ¶ 32, Ex. 5). In response to the NOE, Caliber alleged that it had informed Davidson, through e-mail on October 16, 2017, that the previous correspondence "was not a settlement offer" and instead was meant to "provid[e] additional clarification as to why the settlement offer of $260,000 made by Mr. Davidson had been denied . . . ." (ECF No. 1-12).

Davidson filed the present complaint, alleging that Caliber has failed to properly service the Loan, and has failed to correct their error by refusing to honor the Settlement Offer. (Compl. at ¶ 40). At the time of filing this suit, Davidson alleged the Foreclosure Matter was still pending, despite the final judgment entered against him on August 10, 2017. (*Id.* at ¶ 23, 40). This Court held oral argument on the motion on June 4, 2018. After argument, this Court notified the parties that it was considering abstaining or staying this case pending resolution of the foreclosure matter in state court. (ECF No. 19). The parties then informed the Court that the foreclosure matter is complete, as the final judgment and writ of execution in that matter were issued on August 10, 2017. (Def. br., ECF No. 20). All that remains is the sheriff's sale, which Defendant canceled due to this pending suit. (*Id.*) It was after final judgment was entered on August 10, 2017 that Defendant sent Plaintiff correspondence which included a section titled "**Settlement Offer**" where Defendant informed Plaintiff that the valuation of the home was $280,000, and "[t]herefore, the offer of $280,000 remains firm." (Compl. at ¶ 25, Ex. 3). For that reason, both parties argue that

3

abstention is not appropriate here, and Plaintiff claims he is not asking this Court to overturn the foreclosure judgment. Instead, Plaintiff insists he is only asking this Court to enforce the settlement agreement and award damages for Defendant's alleged violations of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act.

Plaintiff's present suit brings claims for: (1) Breach of Contract (Count I); (2) Violation of the Covenant of Good Faith and Fair Dealing (Count II); (3) Violations of 12 C.F.R. § 1024.35, Failure to perform a reasonable investigation into or to correct a noticed error (Count III); (4) Violations of 12 C.F.R. § 1024.36, Failure to properly and timely acknowledge and respond to a request for information (Count IV); (5) Violations of the Fair Debt Collection Practices Act (Count V); and (6) Violations of the New Jersey Consumer Fraud Act (Count VI).

I

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit set forth a three-part analysis for determining whether not a complaint may survive a motion to dismiss for failure to state a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

"This means that [the] inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied*, 531 U.S. 1149 (2001).

"The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).

II

Before a district court may determine whether the dismissal of claims pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate, the Court must first determine whether it has subject matter jurisdiction over the case. "Because federal courts have 'an independent obligation to satisfy themselves of jurisdiction if it is in doubt,' they may also 'raise sua sponte subject-matter jurisdiction concerns.'" *Nockenofsky v. Arbonne Int'l, LLC*, No. 18-02708, 2018 U.S. Dist. LEXIS 174155, at *5 (D.N.J. Oct. 10, 2018) (quoting *Multicultural Radio Broad., Inc. v. Korean Radio Broad., Inc.*, 2017 U.S. Dist. LEXIS 12749, *6 (D.N.J. Jan. 31, 2017)). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Under the *Colorado River* doctrine, a federal court may abstain from hearing a case "when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (citing *Colo. River Water Conservation Dist.*, 424 U.S. at 800).

Here, there is a parallel state court proceeding, however, it is no longer ongoing. An entry of final judgment and writ of execution has been entered. All that remains is a sheriff's sale of the property. As a result, there is no parallel state court proceeding pending that invokes the *Colorado River* doctrine. Plaintiff is seeking enforcement of a settlement agreement that has been entered after the state court entered final judgment, and is also seeking damages for Defendant's alleged violation of the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act.

III

Having resolved any potential jurisdictional issues, the Court now looks at whether the facts, as submitted in the Complaint, sufficiently support the claims at bar. As this Court understands it, Caliber's main argument is the words "the offer of $280,000 remains firm"

contained in the RFI response did not constitute a valid contract. Since there was no valid contract, all the other claims alleged should be dismissed as moot. In reviewing this matter, the Court refers to the basic principles of contract formation. "To state a claim for breach of contract, '[a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations.'" *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 160 (3d Cir. 2018) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007)). After reviewing the Complaint, the Court finds that Plaintiff has submitted sufficient facts to survive dismissal at this stage. The Court finds that Plaintiff has alleged a contract between the parties, as Defendant's September 26, 2017 correspondence, specifically the paragraph titled "**Settlement Offer**," stating "the offer of $280,000 is firm" constitutes a valid offer. Plaintiff answered that letter via e-mail on September 30, 2017, stating "I have decided to ACCEPT the 280k. I have all the funding in place in MY ACCOUNT and I'm ready to go. Please email the contracts or whatever and we'll move forward." (ECF No. 1-7). Since Plaintiff accepted Defendant's offer, and Plaintiff alleges that Defendant unilaterally rejected the contract after his acceptance, thus breaching the contract, and that as a result, he has suffered damages. For these reasons, Plaintiff has sufficiently stated a plausible claim for breach of contract. Because Plaintiff's remaining causes of action depend on the existence of a contract, each survives the motion to dismiss as well. Accordingly, Defendant's motion to dismiss is denied.

## ORDER

This matter, having been brought before the Court on Defendant's motion to dismiss (ECF No. 8), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 4th day of February, 2019;

ORDERED that Defendant's motion to Dismiss (ECF No. 8) is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.